Michelle L. Roberts, State Bar No. 239092
E-mail: michelle@robertsdisability.com
ROBERTS DISABILITY LAW
66 Franklin Street, Ste. 300
Oakland, CA 94607
Telephone: (510) 230-2090
Facsimile: (510) 230-2091

Attorneys for Plaintiff,
Shannon Stolte

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON STOLTE,<br><br>Plaintiff,<br><br>vs.<br><br>SECURIAN LIFE INSURANCE COMPANY,<br><br>Defendant. | CASE NO.: 3:21-cv-7735<br><br>**COMPLAINT (ERISA)** |

Plaintiff, Shannon Stolte, herein sets forth the allegations of her Complaint against Defendant Securian Life Insurance Company ("Securian").

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction" - This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan and enforcing Plaintiff's rights under the terms of an employee benefit plan. Plaintiff seeks relief, including but not limited to, payment of life insurance

benefits due her under her plan, prejudgment and post-judgment interest, and attorneys' fees and costs.

2. Plaintiff was, at all times relevant, a resident of Marin County. Plaintiff was the beneficiary of life insurance benefits for her now deceased spouse, John Stolte. Mr. Stolte was a participant in a health and welfare benefit plan sponsored by his employer, Allstate ("the Plan"). The Plan's coverage for life insurance benefits is insured and administered by Securian, under insurance policy number 70083.

3. Securian is a corporation with its principal place of business in the State of Minnesota, authorized to transact and transacting business in the Northern District of California and can be found in the Northern District of California.

4. Intradistrict Assignment. Pursuant to Civil L.R. 3-2(c) and 3-5, Plaintiff believes that this matter should be assigned to the San Francisco division since a substantial part of the events or omissions which give rise to this action occurred primarily in Marin County.

## FIRST CLAIM FOR RELIEF
## (29 U.S.C. § 1132(a)(1)(B))

5. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

6. The Plan provides life insurance coverage for eligible Allstate employees. Mr. Stolte had $710,000 in life insurance coverage under the Plan.

7. Per the terms of the Plan, Mr. Stolte's coverage under the Plan terminated as of January 25, 2021 when he was no longer active at work.

8. The Plan provides that if an insured dies within 31 days of when his group coverage terminates, Securian will pay a death benefit regardless of whether an application for coverage under an individual policy has been submitted.

9. Mr. Stolte died on February 24, 2021, which is within 31 days of the date his group coverage terminated. Plaintiff submitted a claim for life insurance benefits, claim number 1542668. Securian denied Plaintiff's claim on the basis that Mr. Stolte's coverage terminated on January 22, 2021, his last day of work, and he died outside of the 31-day conversion window.

10. Through counsel, Plaintiff submitted a written appeal to Securian challenging the basis of

1  the denial and seeking payment of the life insurance benefit. Citing the relevant Plan provisions,
2  Plaintiff explained that Mr. Stolte's coverage could not have terminated earlier than January 25,
3  2021 since he worked a full day on January 22, 2021 and the Plan provides for coverage during all
4  days one is actively at work and on the weekends.

5  11. Securian investigated Plaintiff's appeal and sought legal advice from in-house counsel. As part of its investigation, Securian confirmed with Allstate that Mr. Stolte worked a full day on January 22, 2021.

8  12. By letter dated August 6, 2021, Securian upheld its decision to deny Plaintiff's claim for life insurance benefits. It continued to assert that Mr. Stolte's coverage ended on January 22, 2021 even though he was active at work that day. The letter informed Plaintiff of her right to bring a lawsuit under ERISA Section 502(a) but she could also submit a second voluntary appeal. The letter also informed Plaintiff of her right to request copies of all documents relevant to her claim.

13. By letter dated August 13, 2021, Plaintiff's counsel requested all documents relevant to her claim. Securian provided Plaintiff's counsel with a copy of the post-appeal claim file on August 18, 2021.

14. In the claim file provided to Plaintiff's counsel, Securian redacted communications from its legal department about Plaintiff's appeal. By letter dated August 24, 2021, Plaintiff's counsel wrote to Securian demanding production of the redacted documents, explaining that the fiduciary exception to the attorney-client privilege applies to these documents.

15. By letter dated September 7, 2021, Securian stated that it would not produce the withheld documents absent a court order.

16. Securian violated Plaintiff's right to a full and fair review as mandated by ERISA and its claim procedure regulations, 29 CFR § 2560.503-1, when it refused to produce her entire claim file, including the legal advice sought and received in connection with Securian's review of Plaintiff's appeal. Securian's actions hampered Plaintiff's ability to prepare a voluntary appeal.

17. Securian violated the terms of the Plan and ERISA when it denied Plaintiff's claim for life insurance benefits on the erroneous basis that Mr. Stolte's life insurance coverage terminated on January 22, 2021.

REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Securian as follows:

1. An order declaring Plaintiff's right to payment of life insurance benefits due to Plaintiff;

2. An order declaring that the pre-final denial attorney-client communications about Plaintiff's claim are subject to the fiduciary exception and cannot be withheld on the basis of privilege;

3. An order declaring that Securian violated ERISA and its regulations by refusing to produce all relevant documents to Plaintiff's claim;

4. In the alternative to the relief sought in paragraph 1, an order remanding Plaintiff's claim to Securian to the extent any new facts or submissions are to be considered;

5. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

6. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

7. Such other and further relief as this Court deems just and proper.

DATED:  October 4, 2021     ROBERTS DISABILITY LAW

By:   */s/ Michelle L. Roberts*
Michelle L. Roberts
Attorneys for Plaintiff,
Shannon Stolte